IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:16CR307 |
| v. | |
| GUSTAVO ALVARADO-GUERRERO, | MEMORANDUM AND ORDER |
| Defendant. | |

On June 26, 2017, defendant Gustavo Alvarado-Guerrero ("Alvarado-Guerrero") pleaded guilty to one count of conspiring to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The Court sentenced Alvarado-Guerrero on October 23, 2017, to 188 months imprisonment to be followed by a 5-year term of supervised release. Judgment in his case was entered on October 25, 2017. Alvarado-Guerrero did not appeal.

Alvarado-Guerrero is currently serving his term of imprisonment at the Jack Harwell Detention Center in McLennan County, Texas. His projected release date is April 25, 2031.

Now before the Court is Alvarado-Guerrero's first Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 148). He complains of a number of alleged missteps by his appointed counsel, Mary Gryva ("Gryva"), who he claims rendered him ineffective assistance. *See Strickland v. Washington*, 466 U.S. 668, 690 (1984). He also contends that his delayed request for relief should be considered timely with the benefit of the doctrine of equitable tolling. *See* 28 U.S.C. § 2255(f) (generally subjecting § 2255 motions to a one-year limitation period running on the date the judgment becomes final); *Odie v. United States*, 42 F.4th 940, 945

(8th Cir. 2022) ("Equitable tolling may be applied to the one-year statute of limitations" under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").)

Under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court must promptly conduct an initial review of Alvarado-Guerrero's § 2255 motion. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." *Id.* Otherwise, the Court must order the United States Attorney to respond to the motion or "take other action the judge may order." *Id.*

AEDPA's "one-year statute of limitation may be equitably tolled 'only if [the movant] shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010) (alteration in original)). In rare circumstances, "egregious attorney misconduct" preventing the timely filing of a § 2255 motion may warrant equitable tolling of the limitation period. *United States v. Martin*, 408 F.3d 1089, 1094-95 (8th Cir. 2005) (applying equitable tolling where movant's counsel told him "there was no such thing as a one-year filing deadline," misled him about his intent to file a § 2255 motion, and refused to return dozens of calls from movant's family). But "[i]neffective assistance of counsel, where it is due to an attorney's negligence or mistake, has not generally been considered an extraordinary circumstance in this regard." *Id.* at 1093.

Alvarado-Guerrero argues Gryva's alleged failure to accurately counsel him on his likely sentence, provide him a copy of his presentence investigation report before sentencing, raise objections before or during sentencing, and file a requested appeal excuses the untimeliness of his § 2255 motion. It does not. First, those acts of mere negligence do not arise to the "egregious" misconduct found to warrant equitable tolling. Nor do they appear to have presented obstacles to Alvarado-Guerrero filing a post-conviction motion. *See Byers v. United States*, 561 F.3d 832, 836 (8th Cir. 2009)

(concluding equitable tolling was not warranted where "there [was] no allegation of deceit, misrepresentation, or other serious misconduct on the part of his attorney that prevented [the movant] from timely filing his § 2255 motion").

Alvarado-Guerrero also does not demonstrate he pursued his rights diligently. He maintains that "he did not believe he had grounds to file a" § 2255 motion until he recently discussed his case with a "jail house lawyer . . . who advised him that his attorney may have acted unprofessionally." Though he claims to have promptly acted after that conversation, this "does not excuse his lack of diligence in pursuing relief after" sentencing, and he does not describe any circumstances that would excuse or explain that lack of timely effort. *Odie*, 42 F.4th at 947. For those reasons, the Court must dismiss Alvarado-Guerrero's untimely § 2255 motion.

Dated this 8th day of May 2024.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge